# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0026V

|  |  |
|---|---|
| WILLIAM HARRY,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: June 26, 2023 |

*David John Carney, Green & Schafle LLC, Philadelphia, PA*, for Petitioner.

*Martin Conway Galvin, U.S. Department of Justice, Washington, DC*, for Respondent.

### DECISION AWARDING DAMAGES[1]

On January 4, 2021, William Harry filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barre syndrome ("GBS") as a result of an influenza ("flu") vaccine he received on October 21, 2019. Amended Petition at Preamble. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 27, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On June 23, 2023, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded a total of $279,575.60, representing compensation for life care expenses expected to be incurred during the first year after judgment ($2,960.18), pain and suffering ($250,000.00), and past unreimbursable expenses ($26,615.42), and an amount sufficient to purchase an annuity

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

contract as set forth in the Proffer. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following:**

A. **A lump sum payment of $279,575.60 (representing compensation for life care expenses expected to be incurred during the first year after judgment ($2,960.18), pain and suffering ($250,000.00), and past unreimbursable expenses ($26,615.42), in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

B. **An amount sufficient to purchase the annuity contract described in section II.B of the attached proffer.**

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| WILLIAM HARRY, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 21-26V |
| v. ) | Chief Special Master Brian H. Corcoran |
| ) | ECF |
| SECRETARY OF HEALTH AND HUMAN ) | |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On January 4, 2021, William Harry ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered Guillain-Barré Syndrome ("GBS") as a result of receiving an influenza ("flu") vaccination administered on October 21, 2019. ECF No. 1. On August 27, 2021, respondent filed his Rule 4(c) Report, in which he recommended that the Court find petitioner entitled to compensation, and on August 27, 2021, the Court entered its Ruling on Entitlement, finding petitioner entitled to compensation. *See* ECF Nos. 25, 26. Specifically, based on respondent's recommendation, the Court found petitioner entitled to compensation for Guillain-Barré syndrome and related sequelae that he sustained following the administration of an influenza ("flu") vaccination on October 21, 2019, and that petitioner's claim satisfies the requirements necessary to qualify as a Table injury set forth in the Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation ("QAI"), which afford petitioner a presumption of causation if the onset of GBS occurs between three and forty-two days after a seasonal flu vaccination and there is no apparent alternative cause. *See* ECF No. 25. Respondent now proffers that petitioner receive an award as follows:

I.  **Items of Compensation**

   A.  Life Care Items

Respondent engaged life care planner Laura Fox, MSN, BSN, RN, and petitioner engaged life care planner Roberta Hurley, to provide an estimation of petitioner's future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine related" is as described in respondent's Rule 4(c) Report. All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for William Harry, attached hereto as Tab A. Respondent proffers that petitioner should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A. Petitioner agrees.

   B.  Pain and Suffering

Respondent proffers that petitioner should be awarded $250,000.00 in actual pain and suffering. See 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

   C.  Past Unreimbursable Expenses

Evidence supplied by petitioner documents his expenditure of past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $26,615.42. Petitioner agrees.

II. **Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[1]

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

      A.      A lump sum payment of $279,575.60, representing compensation for life care expenses expected to be incurred during the first year after judgment ($2,960.18), pain and suffering ($250,000.00), and past unreimbursable expenses ($26,615.42) in the form of a check payable to petitioner, William Harry.

      B.      An amount sufficient to purchase an annuity contract,[2] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[3] from which the annuity will be purchased.[4] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, William Harry, only so long as petitioner is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual, or other installments. The "annual amounts" set forth in the chart at Tab A

---

[2] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[4] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

    1.    <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

    2.    <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, William Harry, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of William Harry's death.

    3.    <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

**III.    Summary of Recommended Payments Following Judgment[5]**

    A.    Lump Sum paid to petitioner, William Harry:    **$279,575.60**

    B.    An amount sufficient to purchase the annuity contract described above in section II.B.

---

[5] This proffer does not include any award for attorneys' fees and costs that may be awarded pursuant to 42 U.S.C. § 300aa-15(e).

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

s/*Martin Galvin*
MARTIN GALVIN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-3071
Email: Martin.Galvin@usdoj.gov

DATED: June 23, 2023

Appendix A:  Items of Compensation for William Harry                                    Page 1 of 1

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Year 3 | Compensation Years 4-5 | Compensation Year 6 | Compensation Year 7 | Compensation Year 8 | Compensation Years 9-Life |
|---|---|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  | 2023 | 2024 | 2025 | 2026-2027 | 2028 | 2029 | 2030 | 2031-Life |
| Gabapentin | 5% | * |  | 52.80 | 52.80 | 52.80 | 52.80 | 52.80 | 52.80 | 52.80 | 52.80 |
| PM&R | 5% | * |  |  |  |  |  |  |  |  |  |
| Neurologist | 5% | * |  |  |  |  |  |  |  |  |  |
| PT/OT | 4% | * |  |  |  |  |  |  |  |  |  |
| Home Health Care | 4% | * | M |  |  |  | 43,912.96 | 43,912.96 | 43,912.96 | 43,912.96 | 43,912.96 |
| Rollator Walker | 4% |  |  |  |  | 159.99 | 31.99 | 31.99 | 31.99 | 31.99 | 31.99 |
| Scooter | 4% | * |  |  |  |  |  |  |  |  |  |
| Scooter Lift | 4% |  |  | 1,899.00 |  |  |  |  |  |  |  |
| Scooter Cover | 4% |  |  | 115.49 |  |  |  | 115.49 |  |  |  |
| Scooter Batteries | 4% | * |  |  |  |  |  |  |  |  |  |
| Scooter Maint | 4% | * |  |  |  |  |  |  |  |  |  |
| Lift Chair | 4% | * |  | 812.00 |  |  |  |  |  |  |  |
| Blanket Support | 4% |  |  | 29.00 |  |  |  |  |  |  |  |
| Raised Toilet Seat | 4% |  |  | 51.89 | 25.95 | 25.95 | 25.95 | 25.95 | 25.95 | 25.95 | 25.95 |
| Stair Lift | 4% |  |  |  |  |  |  |  |  | 2,685.00 |  |
| Pain and Suffering |  |  |  | 250,000.00 |  |  |  |  |  |  |  |
| Past Unreimbursable Expenses |  |  |  | 26,615.42 |  |  |  |  |  |  |  |
| Medicaid Lien |  |  |  |  |  |  |  |  |  |  |  |
| Annual Totals |  |  |  | 279,575.60 | 78.75 | 238.74 | 44,023.70 | 44,139.19 | 44,023.70 | 46,708.70 | 44,023.70 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($2,960.18), pain and suffering ($250,000.00), and past unreimbursable expenses ($26,615.42): $279,575.60.00.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.