# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0026V

| | |
|---|---|
| WILLIAM HARRY,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: October 24, 2023 |

*David John Carney,* Green & Schafle LLC, Philadelphia, PA, for Petitioner.

*Traci R. Patton,* U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

  On January 4, 2021, William Harry filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barre syndrome as a result of an influenza vaccine he received on October 21, 2019. Petition, ECF No. 1. On June 26, 2023, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 52.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $81,491.18 (representing $65,324.50 in attorney's fees and $16,166.68 in attorney's costs). Petitioner's Application for Attorney's Fees and Costs filed July 31, 2023, ECF No. 57. In accordance with General Order No. 9, Petitioner represents that Petitioner incurred no out-of-pocket expenses. *Id.* at 105.

Respondent reacted to the motion on August 9, 2023, indicating that he defers resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 58. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find reductions in the amount of fees to be awarded appropriate for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

Petitioner requests hourly rates for attorneys and paralegals performing work in this matter as follows:

|  | **2019** | **2020** | **2021** | **2022** | **2023** |
|---|---|---|---|---|---|
| David J. Carney, Esq. | $325 | $350 | $375 | $400 | $425 |
| Paralegals | $145 | $145 | $145 | $145 | $175 |
| Evan R. Baker, Law Clerk | X | X | X | $185 | X |

The hourly rates requested for Mr. Carney and his paralegals for all time billed in the 2019-2023 period are reasonable and consistent with prior determinations and shall therefore be awarded herein. The hourly rates requested for Ms. Baker, however, require adjustment.

Categorized as a law clerk, Evan Baker was a law student who began working at the firm during the summer of 2021. ECF No. 57 at 9. She has remained at the firm and plans to take the bar exam in July 2023. *Id*. However, the hourly rate for her 2022 work exceeds the student hourly rate established in other cases - $165. *E.g., Wnuk v. Sec'y of Health & Hum. Servs.,* No. 21-0679V, 2023 WL 4195520, at *2 (Fed. Cl. Spec. Mstr. May 26, 2023). Accordingly, I shall instead compensate Evan Baker's 2022 work at the rate of $165 per hour. This reduces the amount of fees to be awarded by **$176.00**.[3]

Additionally, a few of the tasks performed by Mr. Carney are more properly billed using a paralegal rate.[4] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). This reduces the amount of fees to be awarded by **$939.50**.[5]

---

[3] This amount consists of: ($185 - $165) x 8.8 = $176.00.

[4] These entries describing the preparation of a notice of filing, the bates stamping medical records, and filing both documents are dated as follows: 1/21/21, 3/29/21, 7/6/21, 1/3/22, 7/22/22, 3/21/22, and 3/30/22. ECF No. 57 at 18-19, 21, 27, 31, 36.

[5] This amount consists of ($375 - $145) x 2.2 hrs + ($400-$145) x 1.7 hrs = $939.50.

## ATTORNEY COSTS

Petitioner requests $16,166.68 in overall costs (representing $8,820.28 in attorneys' costs and $7,346.40 in expert fees incurred by Life Care Planner Robert Hurley). ECF No. 57 at 41-103. Mr. Hurley reviewed medical records and prepared an expert report and Life Care Plan regarding Petitioner's GBS injury. I have reviewed Mr. Hurley's billing records and find that the hours billed (48.98) and the hourly rate of $150 are reasonable for his work in this matter and shall therefore be awarded in full. *Id.* at 99-102.

The other requested costs are reasonable except for $1,011.10 in costs that have not been substantiated with supporting documentation and $221.10 in costs incurred for "[s]canning for intake documents, letters, invoices, medical records, damages documents and other file materials, including all documents from client re medical records, invoices, expenses, and damages documents." *Id.* at 53. Such overhead expenses are inherent in operating a law firm and are thus not compensable. Accordingly, the attorney's costs are reduced by **$1,232.20.**

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$79,143.48 (representing $64,209.00 in attorney's fees and $14,934.48 in attorney's costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, David J. Carney.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

s/Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.